IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ERICA N. MCKEEL, )
individually; ERICA N. )
MCKEEL, as surviving parent )
of Murphy Foster McKeel, )
deceased; DANIEL CALEB )
MCKEEL, as surviving parent )
of Murphy Foster McKeel; )
ASSIGNEES OF CUONG NGUYEN AND )
MINH NGUYEN, individually )
doing business as Limelight )
Bar & Grill, LLC )
 )
    Plaintiffs, )
 )
v. ) CASE NO. CV413-191
 )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE CO. )
 )
    Defendant. )
_____)

## O R D E R

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Summary Judgment. (Doc. 13.) For the following reasons, Defendant's Motion is **GRANTED**. The Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

Plaintiffs originally filed this action in the State Court of Bryan County, Georgia. (Doc. 1, Ex. A.) According to Plaintiffs' complaint, Plaintiff Erica McKeel

was involved in a car accident on January 12, 2012 when Cuong Nguyen improperly turned into the path of her vehicle. (Id. ¶¶ 7-8.) Plaintiff Erica McKeel, who was seven months pregnant at the time of the incident, suffered injuries and prematurely delivered her baby. (Id. ¶ 9.) Sadly, the newborn child subsequently died due to injuries sustained as the result of the accident. (Id.)

The vehicle driven by Cuong Nguyen was insured by Defendant State Farm under a policy issued to Diep Ngoc Nguyen. (Id. ¶¶ 10, 12.) On February 23, 2012 and March 19, 2012, counsel for Defendant State Farm offered to tender to Plaintiff Erica McKeel the policy limits—$100,000[1]—to resolve the claims of both her and her child. (Id. ¶ 13.) On March 29, 2012, Plaintiffs filed suit against Limelight Bar & Grill, which employed Cuong Nguyen at the time of the accident. (Id. ¶ 14.) Once again, Defendant State Farm offered to tender the policy limits to Plaintiffs Erica McKeel and Daniel Caleb McKeel ("McKeel Plaintiffs"). (Id. ¶ 16.) McKeel Plaintiffs declined to accept the policy limits, citing their dissatisfaction with Defendant's requirement that they sign a Limited Release for Limelight Bar & Grill as part of the settlement. (Id.

---

[1] This sum represents $50,000 each for Plaintiff Erica McKeel and her child, for a total of $100,000. (Doc. 1, Ex. A ¶ 13.)

2

¶ 17.) According to Plaintiffs, Defendant should have known that failing to settle for the policy limits would expose Cuong Nguyen to a verdict in excess of the policy limits. (Id. ¶ 19.)

Ultimately, McKeel Plaintiffs filed suit in the State Court of Bryan County, Georgia, obtaining a jury verdict against Cuong Nguyen in excess of $3,000,000. (Id. ¶¶ 20, 22.) Following the entry of judgment in that case, Cuong Nguyen and Minh Nguyen assigned their interest in any claim they might have against Defendant to McKeel Plaintiffs. (Id. ¶ 23.) Based on that assignment, Plaintiffs filed the present suit in the State Court of Bryan County, Georgia, alleging that Defendant "acted in bad faith in refusing to settle within the policy limits." (Id. ¶¶ 25-26.) The crux of Plaintiffs' argument is that Defendant acted in bad faith by requiring McKeel Plaintiffs to execute a Limited Release from liability in favor of Limelight Bar & Grill, which was not insured by Defendant. (Id. ¶ 27.) Defendant timely removed that complaint to this Court, pursuant to 28 U.S.C. § 1332, based on the diversity of the parties. (Doc. 1.)

In its Motion for Summary Judgment, Defendant argues that it did not act in bad faith when refusing to settle because it offered McKeel Plaintiffs the policy limits in

3

exchange for limited releases of liability. (Doc. 13, Attach. 1 at 22-25.) According to Defendant, McKeel Plaintiffs simply refused those offers on the grounds that Limelight Bar & Grill was included in the limited release. (Id.) In their response, Plaintiffs raise several confusing arguments seemingly unrelated to the gravamen of this case. First, Plaintiffs contend that, even though Cuong Nguyen was not an insured under the policy,[2] Defendant's insistence that they qualified as insureds imparted upon Defendant a duty to act non-negligently while providing him with a defense. (Id. at 12-13.) Second, Defendant acted negligently during their representation of Cuong Nguyen. (Id. at 13-14.) Third, Defendant's representation of three insureds under the same policy created a conflict of interest that it failed to correct. (Id. at 14-16.) Fourth, Defendant's failure to inform

---

[2] Plaintiffs' statement that Cuong Nguyen was not an insured is especially perplexing. Their only claim in this case alleges that Defendant "acted in bad faith in refusing to settle within the policy limits of Cuong Nguyen." (Doc. 1, Ex. A ¶ 26.) Therefore, Plaintiffs' allegation in their response that Cuong Nguyen is not an insured leaves the Court with one simple question: why are we all here? Obviously, if Cuong Nguyen is not an insured under the policy, then there can be no claim for a bad-faith refusal to settle. It is laughable arguments such as these that tend to diminish the reliability and creditability of those advancing them. The aggregate harm one suffers proposing fatuous arguments significantly outweighs the benefits of the one-in-a-million shot that might strike home.

4

Cuong Nguyen of the opportunity to be released from the case was in bad faith. (Id. at 16-18.) Finally, Plaintiffs allege that Defendant negligently violated its own policies by failing to properly investigate the facts of this case. (Id. at 19.)

**ANALYSIS**

According to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim of defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action

determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts that are material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference

from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

In Georgia, an insurance company that refuses to settle a personal claim against its insured due to bad faith or negligence may be liable for the excess judgment. Cotton States Mut. Ins. Co. v. Brightman, 276 Ga. 683, 684, 580 S.E.2d 519, 521 (2003). This situation arises when an insurer places its interest above the interests of its insured. Thomas v. Atlanta Cas. Co., 253 Ga. App. 199, 204-05, 558 S.E.2d 432, 439 (2001). The insurer's actions are "[j]udged by the standards of the ordinarily prudent insurer." Cotton States, 276 Ga. at 685, 580 S.E.2d at 521. While "[a]n insurance company does not act in bad faith solely because it fails to accept a settlement offer," S. Gen Ins. Co. v. Holt, 262 Ga. 267, 269, 416 S.E.2d 274, 276 (1992), "[t]he jury generally must decide whether the insurer, in view of the existing circumstances, has accorded the insured 'the same faithful consideration it gives its own interests.' " Id. at 268-69, 416 S.E.2d at 276 (quoting Great Am. Ins. Co. v. Exum, 123 Ga. App. 515, 519, 181 S.E.2d 704, 707 (1971)).

This case is quite simple. In their complaint, Plaintiffs brought one claim: "'BAD FAITH' AND/OR NEGLIGENT REFUSAL BY DEFENDANT TO SETTLE WITHIN POLICY LIMITS OF ITS INSURED." (Doc. 1, Ex. A III.) As part of that claim, Plaintiffs allege that Defendant "acted in bad faith in refusing to settle within the policy limits of Cuong Nguyen," and that Defendant "failed to act as a reasonably prudent insurer would under the same or similar circumstances, by requiring that Plaintiffs execute a Limited Release which would release Limelight Bar & Grill, LLC, which was not a State Farm insured." (Id. ¶¶ 26-27.) The problem for Plaintiffs is that the record conclusively establishes that Limelight Bar & Grill qualified as an insured under the policy. Therefore, Defendant's insistence that McKeel Plaintiffs execute a Limited Release for Limelight Bar & Grill was wholly reasonable and precisely what one would expect from a reasonably prudent insurer.

Plaintiffs admit that Cuong Nguyen was in the process of delivering a health department form on behalf of Limelight Bar & Grill when he caused the accident with Ms. McKeel. (Doc. 13, Attach 2 ¶ 1; Doc. 33, Attach. 2 ¶ 1.) In addition, Plaintiffs filed suit against Limelight Bar & Grill in State Court of Bryan County, alleging that

Limelight Bar & Grill was vicariously liable for the accident under a respondeat superior theory because Cuong Nguyen was acting as an agent for Limelight Bar & Grill at the time of the accident. (Doc. 13, Attach. 2 ¶ 12; Doc. 33, Attach. 2 ¶ 12.) Therefore, Limelight Bar & Grill was an insured[3] because the policy provided coverage for "any other person or organization vicariously liable for the use of a vehicle by an insured . . . only if the vehicle is neither owned by, nor hired by, that other person or organization." (Doc. 13, Attach 2 ¶ 13; Doc. 33, Attach. 2 ¶ 13.) Because Limelight Bar & Grill was an insured under the policy, Defendant acted as a reasonably prudent insurer when insisting that the Limited Release include Limelight Bar & Grill in exchange for the policy limits.

Plaintiffs' response fails to even offer any arguments germane to this case. For example, if Cuong Nguyen is not an insured under the policy at question, then Plaintiffs' claim for bad-faith refusal to settle on behalf of Cuong Nguyen necessarily fails. In addition, Plaintiffs raise

---

[3] Interestingly, Plaintiffs admit that Limelight Bar & Grill was an insured in their response to Defendant's statement of material facts. (Doc. 13, Attach 2 ¶ 13 ("State Farm's policy . . . clearly made Limelight Bar & Grill an 'insured' under the policy."; Doc. 33, Attach. 2 ¶ 13 (admitting Defendant's paragraph 13.) However, the Court will not take this admission as dispositive, as Plaintiffs deny such an allegation in other parts of their response. (Doc. 33, Attach. 2 ¶¶ 15, 20.)

several arguments that Defendant negligently handled Cuong Nguyen and Limelight Bar & Grill's defense. These, however, are unrelated to the issue of whether Defendant acted in bad faith by insisting Limelight Bar & Grill be included in the Limited Release. Similarly, Plaintiffs contention that Defendant violated its own policies is non-responsive to the only claim they alleged in their complaint, bad-faith refusal to settle. As Plaintiffs have failed to identify any issue of material fact that actually relates to their bad-faith claim, Defendant is entitled to summary judgment in this case.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 13) is **GRANTED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 26th day of September 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA